Roxanne L. Farra, OSB No. 901760
ROXANNE L. FARRA, P.C.
17 N.W. Irving Avenue
Bend, OR 97701
Tel      : (541) 385-3017
Fax      : (541) 330-1556
Email   : rfarra@bendbroadband.com

      Attorney for Plaintiff Carol Lynn Giles

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **CAROL LYNN GILES**, individually and on behalf of all other persons similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION ALLEGATION COMPLAINT** |
| **ST. CHARLES HEALTH SYSTEM, INC.**, an Oregon corporation, doing business as **PIONEER MEMORIAL HOSPITAL**; **ST. CHARLES MEDICAL CENTER - BEND**; **ST. CHARLES MEDICAL CENTER - REDMOND**; and **ST. CHARLES - MADRAS**, | **FLSA COLLECTIVE ACTION; RULE 23 CLASS ACTION** (FLSA; Oregon Wage and Hour Law) |
| Defendant. | **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.    Plaintiff Carol Lynn Giles ("Plaintiff"), individually and on behalf of all other similarly situated Oregon employees, brings this class action complaint against Defendant, St. Charles Health System, Inc., dba Pioneer Memorial Hospital; St. Charles Medical Center - Bend; and St. Charles Medical Center - Redmond; and St. Charles - Madras (collectively, "St. Charles").

PAGE 1 -    **CLASS ACTION ALLEGATION COMPLAINT**

Plaintiff alleges the allegations about Plaintiff individually based on Plaintiff's personal knowledge. All other allegations are based upon information and belief.

## PARTIES

2.     Plaintiff is a natural person residing in Crook County, Oregon.

3.     Defendant St. Charles is an Oregon corporation doing business in Oregon.  St. Charles has its principal place of business in Bend, Oregon.  At all material times, St. Charles acted through its agents and employees who at all material times acted within the course and scope of their agency and employment for Defendant.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 29 U.S.C. §216(b) of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and under federal question jurisdiction pursuant to 28 U.S.C. §1331.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7.     Defendant is a regional healthcare provider managing hospitals and related service departments in Deschutes, Crook, and Jefferson counties, to include Pioneer Memorial Hospital; St. Charles Medical Center - Bend; St. Charles Medical Center - Redmond; and St. Charles - Madras. Headquartered in Bend, Oregon, Defendant has 2,978 or more employees.  During 2010, Defendant had $496,697,733.00 in total revenue, with $475,549,705.00 in total expenses, for an annual net profit of over $21 million dollars.

8.     Defendant is subject to the FLSA and Oregon State wage and hour laws.

9.     Plaintiff is a lawyer, previously licensed by the State of Alaska, and a registered nurse, licensed by the State of Oregon (1981).  Plaintiff has been employed by Defendant as a registered nurse since 2008.

PAGE 2 -     **CLASS ACTION ALLEGATION COMPLAINT**

10.     Defendant paid Plaintiff and all others similarly situated on an hourly basis.

11.     Defendant has a common business practice of requiring Plaintiff and the other hourly (non-exempt) nurses and respiratory therapists in its employ to spend time outside normal working hours obtaining and maintaining specific certifications live or via computer classes as a condition of their continued employment.  This training, which is designed to make the employee handle his or her job more effectively, is:

      a.     Basic Life Support (BLS);

      b.     Advanced Cardiovascular Life Support (ACLS);

      c.     Pediatric Advanced Life Support (PALS);

      d.     Emergency Nurse Pediatric Course (ENPC);

      e.     Neonatal Resuscitation Program (NRP);

      f.     Trauma Nurse Core Course (TNCC);

      g.     Trauma Evaluation and Management (TEAM); and

      h.     S.T.A.B.L.E.

12.     Time must be spent by Plaintiff and the similarly situated employees outside the classroom and after normal work hours completing required assignments, such as the required reading and studying of materials.

13.     Defendant has a common business practice of failing to pay its hourly (non-exempt) nurses and respiratory therapists, to include Plaintiff, for this compensable training time.  Where such working time combined with the employee's required shifts exceeds 40 hours per week or 12 hours a day (8 hours for OR RNs who are scheduled for an 8 hour day), Defendant has a common business practice of failing to pay said time as overtime wages.  In instances where the employment of a non-exempt hourly nurse or respiratory therapist is terminated, voluntarily or involuntarily, Defendant's practice of failing to pay for this compensable training time results in a violation of ORS 652.140, governing termination wages.

PAGE 3 -     **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

14.     Defendant knew and in the exercise of care reasonably should have known that it was not paying Plaintiff and Defendant's hourly (non-exempt) nurses and respiratory therapists, for compensable training time.

15.     In March 2009, the United States Department of Labor ("DOL") issued three (3) opinion letters for employers to use in determining whether employee training is compensable "work" under the FLSA: Opinion Letter FLSA 2009-1; Opinion Letter FLSA 2009-13; and Opinion Letter FLSA 2009-15.

16.     On December 12, 2011, Plaintiff served Defendant with a small claims complaint alleging failure to pay Plaintiff for compensable training time.  From that date continuing forward, Defendant acknowledged its failure to pay compensable training time wages to Plaintiff and the remaining employees.

17.     Plaintiff was repeatedly assured by Defendant, throughout 2012, that Defendant knew of its obligation under the FLSA and Oregon law to pay employees for compensable training time, and would promptly pay these wages.  Plaintiff reasonably relied on Defendant's representations in delaying filing suit.

18.     To date, Defendant has not paid Plaintiff for her compensable training time.

### CLASS ACTION ALLEGATIONS

19.     Plaintiff incorporates and realleges the allegations contained in ¶¶1-18 as though fully set forth herein.

20.     Plaintiff brings the FLSA claims for unpaid regular and overtime wages and liquidated damages as an "opt-in" collective action pursuant to 29 U.S.C. §216(b).  The FLSA claims may be pursued by the following class, numbering more than 250 persons, who opt-in to this case, pursuant to 29 U.S.C. §216(b):

> All present and former hourly nurses and respiratory therapists who were employed by Defendant in Oregon and studied for, trained for, obtained, or renewed a BLS, ACLS, PALS, ENPC, NRP, TNCC, TEAM or S.T.A.B.L.E. certification between December 12, 2008 (three [3] years preceding December 12, 2011) and the present.

PAGE 4 -     **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

21.     Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay for compensable training time.

22.     Plaintiff and Defendant's other hourly (non-exempt) nurses and its respiratory therapists are similarly situated based on Defendant's common business practice regarding compensable training time.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's employment and payroll records, to include its "Education" and "Transcript" reports, and potential party plaintiffs may easily and quickly be notified of the pendency of this action.

23.     Plaintiff brings the Oregon State unpaid wages, overtime wages, and failure to pay wages at termination claims as a class action pursuant to FED.R.CIV.P. 23 on behalf of herself and as the Class Representative of the following persons:

>All present and former hourly nurses and respiratory therapists who were employed by Defendant in Oregon and studied for, trained for, obtained, or renewed a BLS, ACLS, PALS, ENPC, NRP, TNCC, TEAM or S.T.A.B.L.E. certification between December 12, 2008 (six [6] years preceding December 12, 2011) and the present.

24.     The Oregon State law claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not request exclusion or opt-out of the class.  Class members may be notified of the pendency of this action by first-class mail.  Class members and their addresses can be ascertained from Defendants' employment and payroll records, to include its computerized "Education" and "Transcript" reports.

25.     Plaintiff's Oregon State law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to FED.R.CIV.P. 23.

26.     **Numerosity**: The class satisfies the numerosity requirement.  The class is believed to exceed 100 persons and may increase based on the turnover rate of employees during applicable statute of limitations.  As a result, joinder of all class members in a single action is impracticable. The precise number of class members and their addresses is unknown to the Plaintiff, but can be

PAGE 5 -     **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

determined from Defendant's employment and payroll records, to include computerized "Education" and "Transcript" reports.

27.   **Commonality**: There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's unlawful actions include, without limitations, the following:

      a.   Whether Defendant had a policy and practice of failing to record and pay employees for compensable training time;

      b.   Whether Defendant failed to pay Plaintiff and the similarly-situated employees all wages based on the practices alleged herein;

      c.   Whether Defendant's practices or course of conduct resulted in unpaid overtime wages;

      d.   Whether Defendant engaged in a practice or course of conduct of failing to accurately record and compensate its hourly (non-exempt) nurses and respiratory therapists for all hours worked; and

      e.   Which remedies are available for the violations of Oregon State wage and hour violations.

28.   **Typicality**: Plaintiff's claims are typical of class members' claims because Plaintiff and the hourly (non-exempt) nurses and respiratory therapists were subject to the same policies and practices alleged herein.  Plaintiff's claims are typical of class members' claims in that:

      a.   Plaintiff was affected by the violations described above;

      b.   Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

      c.   Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; and

      d.   Plaintiff's injuries are similar to the injuries which class members have suffered.

29.   **Adequacy**: The named Plaintiff will fairly and adequately represent and protect the interests of the class because:

      a.   There is no conflict between her claims and those of other class members;

PAGE 6 -     **CLASS ACTION ALLEGATION COMPLAINT**

     b.     Plaintiff retained counsel who is skilled and experienced in wage and hour cases and who will vigorously prosecute the litigation;

     c.     Plaintiff's claims are typical of the claims of class members; and

     d.     The interests of the class members will be fairly and adequately protected by Plaintiff and her counsel.

30.    **FED.R.CIV.P. 23(b)(1)**: A class action would avoid inconsistent or varying adjudications with respect to individual class members. Given the number of class members, individual cases would likely lead to inconsistent adjudications. This is an inefficient use of limited judicial resources to separately rule on the same legal issues that are present in this case for the Plaintiff.

31.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and class members' claims. The questions in paragraph 27 predominate over questions affecting only individual persons. Each class member's damage amount may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Moreover, even if class members could afford individual litigation, the court system would be unnecessarily burdened by the individual actions. Individualized litigation presents a potential for inconsistent and contradictory judgments and increases the potential for delay and expense for all parties. A class action will present far fewer management difficulties and will provide the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Plaintiff's claims are appropriate for certification under FED.R.CIV.P. 23(b)(3).

32.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. Additionally, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

PAGE 7 -    **CLASS ACTION ALLEGATION COMPLAINT**

## FIRST CLAIM FOR RELIEF

### (FLSA Regular and Overtime Wages; Liquidated Damages)

33.    Plaintiff incorporates and realleges the allegations contained in ¶¶1-32 as though fully set forth herein.

34.    Plaintiff and the similarly-situated employees have been and are entitled to the rights, protections, and benefits provided under the FLSA.

35.    As the employer, Defendant is required to maintain and preserve records for the hours worked by each employee for each workday and the total hours worked for each workweek; and the total regular time earnings for each employee for hours worked for each workweek, exclusive of overtime hours.  Defendant is required to maintain a regular payday at which date all employees shall be paid the wages due and owing them.

36.    In addition to regular wages, Plaintiff and the similarly-situated employees were at all times hourly (non-exempt) employees entitled under the FLSA to be paid wages at the overtime rate for all hours worked over 40 in a work week or over 12 in a day (8 hours for OR RNs who are scheduled for an 8 hour day).

37.    The time spent by Plaintiff and the similarly-situated employees studying for, training for, and obtaining and renewing certifications required by Defendant as a condition of continued employment is compensable training time.

38.    By not paying employees at their regular or overtime rate for compensable training time, Defendant has violated and continues to violate Plaintiff's and the other employees' rights under the FLSA, 29 U.S.C. §§207 and 216(b), and 29 C.F.R. §785.27 et seq., to be paid for all hours worked for Defendant.

39.    The records detailing the dates, times and amounts of compensation due each employee are within the custody and control of Defendant so that Plaintiff is unable to state the exact amount of compensation due and owing each plaintiff, absent such records.  These records include,

PAGE 8 -    **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

but are not limited to, Defendant's employment and payroll records, to include its computerized "Education" and "Transcript" reports.

40.     In determining what and when to pay regular and overtime wages for compensable training time, Defendant was a free agent, and determined its own actions.  Defendant was capable of calculating the compensable training time and paying all wages earned on a payday.  Defendant's actions in failing to pay its hourly (non-exempt) nurses and respiratory therapists regular and overtime wages for compensable training time was done with knowing, wilful disregard of Defendant's obligations under the FLSA.

41.     For Defendant's failure to pay all compensable training time, Plaintiff and the similarly-situated employees seek their unpaid regular and overtime wages for all compensable training time; liquidated damages; pre- and post-judgment interest; plus costs, expenses, disbursements, expert witness fees, and attorney fees.

## SECOND CLAIM FOR RELIEF

### (Oregon Regular, Overtime, and Termination Wages)

42.     Plaintiff incorporates and realleges the allegations contained in ¶¶1-32 as though fully set forth herein.

43.     Plaintiff and the similarly-situated employees have been and are entitled to the rights, protections, and benefits provided under Oregon State wage and hour laws.

44.     As the employer, Defendant is required to maintain and preserve records for the hours worked by each employee for each workday and the total hours worked for each workweek; and the total regular time earnings for each employee for hours worked for each workweek, exclusive of overtime hours.  Defendant is required to maintain a regular payday at which date all employees shall be paid the wages due and owing them.

45.     In addition to regular wages, Plaintiff and the similarly-situated employees were at all times hourly (non-exempt) employees entitled under Oregon law to be paid wages at the overtime

PAGE 9 -     **CLASS ACTION ALLEGATION COMPLAINT**

rate for all hours worked over 40 in a work week or over 12 in a day (8 hours for OR RNs who are scheduled for an 8 hour day).

46.     The time spent by Plaintiff and the similarly-situated employees studying for, training for, and obtaining and renewing certifications required by Defendant as a condition of continued employment is compensable training time.

47.     By not paying employees at their regular or overtime rate for compensable training time, Defendant has violated and continues to violate Plaintiff's and the other employees' rights under Oregon law, ORS 652.120, 652.140, 652.150, 653.055, 653.261, OAR 839-020-0030 and 839-020-0044, to be paid for all hours worked for Defendant.

48.     The records detailing the dates, times and amounts of compensation due each employee are within the custody and control of Defendant so that Plaintiff is unable to state the exact amount of compensation due and owing each plaintiff, absent such records.   These records include, but are not limited to, Defendant's employment and payroll records, to include its computerized "Education" and "Transcript" reports.

49.     In determining what and when to pay regular and overtime wages for compensable training time, Defendant was a free agent, and determined its own actions.  Defendant was capable of calculating the compensable training time and paying all wages earned on a payday.  Defendant's actions in failing to pay its hourly (non-exempt) nurses and respiratory therapists regular and overtime wages for compensable training time was done with knowing, wilful disregard of Defendant's obligations under Oregon law.

50.     For Defendant's failure to pay all compensable training time, Plaintiff and the similarly-situated employees seek their unpaid regular and overtime wages for all compensable training time; up to 30 days each of penalty wages under ORS 653.055 and 652.150; pre-judgment and post-judgment interest, ORS 82.010; plus costs, expenses, disbursements, expert witness fees, and attorney fees.

PAGE 10 -     **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

## PRAYER FOR RELIEF

51.    **WHEREFORE**, Plaintiff on behalf of herself and all class members, prays for relief as follows:

a.    On Plaintiff's **FIRST CLAIM FOR RELIEF**, for an order by the Court certifying Plaintiff's FLSA claims as a collective action under 29 U.S.C. §216(b), and requiring Defendant to identify by name and address all members of the FLSA Plaintiff Class and to provide notice to all class members of this lawsuit and their opportunity to file Consents to Become Party Plaintiffs thereto;

b.    On Plaintiff's **FIRST CLAIM FOR RELIEF**, for all unpaid regular and overtime wages due and owing under the FLSA, plus an equal additional amount as liquidated damages;

c.    On Plaintiff's **SECOND CLAIM FOR RELIEF**, for an order certifying these claims as a class action pursuant to FED.R.CIV.P. 23, and providing for notice to all class members of this action and their opportunity to opt out of the Class;

d.    On Plaintiff's **SECOND CLAIM FOR RELIEF**, for all unpaid regular and overtime wages due and owing under Oregon wage and hour laws, plus up to 30 days each of penalty wages;

e.    On each of Plaintiff's claims for relief, for pre-judgment interest at the maximum lawful amount on all monetary damages awarded;

f.    On each of Plaintiff's claims for relief, post-judgment interest;

g.    On each of Plaintiff's claims for relief, an award of costs, disbursements, litigation expenses including expert witness fees, and attorney's fees pursuant to 29 U.S.C. §216(b), ORS 652.200 and ORS 653.055, as well as from an established common fund; and

PAGE 11 -    **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

      h.      For such other and further relief as the Court finds just and proper.

<b>DEMAND FOR JURY TRIAL</b>

Plaintiff hereby demands a jury trial on all issues triable by jury.

DATED: January 4, 2013.

              ROXANNE L. FARRA, P.C.


              /s/ *Roxanne L. Farra*
              Roxanne L. Farra, OSB No. 901760
              ROXANNE L. FARRA, P.C.
              17 N.W. Irving Avenue
              Bend, OR 97701
              rfarra@bendbroadband.com
              Tel.   (541) 385-3017
              Attorney for Plaintiff Carol Lynn Giles

**PAGE 12 -**    **CLASS ACTION ALLEGATION COMPLAINT**