IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CAROL LYNN GILES, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. CHARLES HEALTH SYSTEM, INC., an Oregon corporation doing business as PIONEER MEMORIAL HOSPITAL; ST. CHARLES MEDICAL CENTER – BEND; ST. CHARLES MEDICAL CENTER – REDMOND; And ST. CHARLES – MADRAS,<br><br>Defendants. | Case No. 6:13-cv-00019-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

I have considered the Plaintiffs' Motion for Final Approval of Class Settlement (doc. 158), the supporting Declarations, and the complete record in this matter. Following a hearing, I find that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2).

In the order preliminarily approving the settlement, I noted several areas that would need to be addressed before final approval. Plaintiffs' counsel ably addressed each of those issues in

the motion for final approval. In approving the settlement, therefore, I make the following findings:

1. The amount offered in settlement—the most important factor from Ninth Circuit's test regarding the fairness, reasonableness, and adequacy of class action settlements—favors approval. *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The $6.365 million portion of the settlement that will be paid to the 1,102 participating class members represents nearly two thirds of the maximum gross recovery plaintiffs might have received at trial. That is a very good result in view of the inherent uncertainty of going to trial (present even where, as here, plaintiffs' claims appear very strong) and the benefits of avoiding depositions, trial, and the years-long wait that proceeding through trial (and appeal) would have involved.

2. The incentive awards for the fifty-one named plaintiffs are fair and reasonable. In making this finding, I am particularly influenced by the fact that all class members received specific notice about the size of incentive awards and that not a single person objected. I also note that the incentive awards, which are approximately $9,800, are not disproportionately large compared to the mean per-class-member recovery of approximately $5,800.

3. I commend the quality of class counsel's multiyear efforts in this case and note that the briefing presented in connection with the settlement was clear, thorough, and very helpful to the Court. I suggest that class action practitioners might look to this settlement and the motions practice associated with it as a model in future cases. I find that a fee award that is twenty-five percent of the gross settlement is not only fair and reasonable, but falls below the typical percentage approved in cases like this in this District. In making this finding, I once again considered the fact that all class members received specific notice about the fee award, stated both as a percentage in a dollar amount ($2.375 million), and that not a single person objected.

4. Given the robust participation rate, any concern about the presence of a reverter clause in the agreement is moot. No settlement funds will revert to defendants.

Having further stated my findings on the record at the December 11, 2017 Fairness Hearing, and for good cause shown, plaintiff's Motion for Final Approval of Class Settlement (doc. 158) is GRANTED and I APPROVE the Class and Collective Action Settlement Agreement (doc. 145-1). This case is DISMISSED with prejudice and without further fees or costs to any party. Judge McShane shall retain jurisdiction with regarding to the issues specified in Sections 4.5.3 and 4.5.4 of the Settlement Agreement. I shall retain jurisdiction as to any issue that may arise in connection with the formation and/or administration of the Qualified Settlement Fund and as to any and all other matters arising out of, or related to, the implementation of the settlement.

IT IS SO ORDERED.

Dated this 12th day of December, 2017.

Ann Aiken
United States District Judge